UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. Case No. 3:22-cr-69-TJC-LLL

ALEJANDRO CARMONA-FONSECA

_________________________________________/

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Alejandro Carmona-Fonseca, through counsel and pursuant to 18 U.S.C. § 3553(a), submits this Sentencing Memorandum setting forth the factors the Court should respectfully consider in fashioning a sentence that is sufficient, but not greater than necessary, to comply with the statutory directives of 18 U.S.C. § 3553(a), and in support states the following:

## I. Procedural History

Following related State of Florida incarceration on March 15, 2022 and from April 21, 2022 – April 22, 2022, Mr. Carmona-Fonseca was arrested and detained in this case on June 6, 2022 following a federal grand jury's four-count Indictment against Mr. Carmona-Fonseca on June 2, 2022.

On December 14, 2022, Mr. Carmona-Fonseca appeared before United States Magistrate Judge Laura Lothman Lambert and pleaded guilty to Count Four of the Indictment pursuant to a written plea agreement with Counts One-Three to be dismissed at sentencing by the Government. Count Four carries a minimum mandatory term of imprisonment of 10 years.

Mr. Carmona-Fonseca has accepted responsibility for his actions as outlined in both

the Presentence Investigation Report ("PSR") dated May 4, 2023 and the plea agreement.

The United States Probation Office has calculated Mr. Carmona-Fonseca's Total Offense Level to be 32 and a criminal history category of I. The PSR calculates Mr. Carmona-Fonseca's guidelines range to be 121 months – 151 months. An objection to the calculated guidelines range was filed on March 28, 2023 (Doc. 37). The Defendant maintains the objection to the Chapter Four five-level enhancement referenced therein.

## II. Memorandum of Law and Argument

As the Court is aware, the United States Sentencing Guidelines are only advisory in nature. United States v. Booker, 543 U.S. 220 (2005). While the Court must still calculate the guideline range correctly, it may not treat that range as mandatory or presumptive. See Gall v. United States, 552 U.S. 38 (2007) and Nelson v. United States, 555 U.S. 350, 352 (2009). Instead, the guideline range is one factor among several to be considered in imposing an appropriate sentence under 18 U.S.C. § 3553(a). See Kimbrough v. United States, 552 U.S. 85, 108 (2007). The court's overarching duty is to "impose a sentence sufficient, but not greater than necessary" to comply with the statutory goals of sentencing provided in 18 U.S.C. § 3553(a)(2). Id. at 101.

This Court has authority to disagree with a guideline recommendation as a matter of policy. Id. at 101-102 (citing Rita v. United States, 551 U.S. 338, 351 (2007)). The Court may find, based solely on § 3553(a) considerations, the guideline recommendation is excessive and requires a variance. United States v. Autery, 555 F. 3d 864 (9th Cir. 2009).

Under the circumstances of this case, Mr. Carmona-Fonseca's swift acceptance of responsibility and the mitigation either provided herewith or at sentencing, a sentence below the guideline imprisonment range – particularly given the 120-month mandatory

minimum the Court must impose - is appropriate and sufficient to comply with the statutory goals of sentencing and is warranted by the factors outlined in 18 U.S.C. § 3553(a).

## III. 18 U.S.C. § 3553(a) Factors

### (1) The Nature and Circumstances of the Offense and History and Characteristics of the Defendant

#### A. History and Characteristics of the Defendant

Mr. Carmona-Fonseca is 48 years old. At the time of his arrest, he had been married to his wife Michelle for over 22 years and together they have 5 children.

Mr. Carmona-Fonseca enlisted in the Army in September of 1998 and served his country for approximately five years with deployments to Afghanistan, Egypt, and Germany. He also served in the Army National Guard. Awards and commendations include the Army Commendation Medal, Army Achievement Medal (twice), Army Good Conduct Medal, Expert Infantryman Badge, Parachutist Badge, Egyptian Parachutist Badge, National Defense Service Medal, Army Lapel Button, and the Army Service Ribbon.

After enlisting as an Infantryman in 1998, Mr. Carmona-Fonseca quickly excelled in all areas of training and service. On February 25, 1999, he was awarded a Department of the Army Certificate of Achievement for Outstanding Recognition as a Graduate of the OSUT Fast Track Program. A month later, Mr. Carmona-Fonseca received a diploma for successfully completing the US Army Infantry Airborne Course. On April 26, 1999, Mr. Carmona-Fonseca became a member of the elite Army Ranger program after graduating from the 75th Army Ranger Regimental Training Detachment. After successfully fulfilling his military commitment to the United States, Mr. Carmona-Fonseca was honorably discharged

in 2003. Please find enclosed all military service and Honorable Discharge records in our possession as **Composite Exhibit A.**

Prior to his arrest in the instant case, Mr. Carmona-Fonseca was employed for over 17 years with the Jacksonville Sheriff's Office. He has no prior criminal convictions, and no arrest or other criminal history other than misdemeanor citations for driver's license related issues from 1997 and 2003.

Mr. Carmona-Fonseca is a dedicated family man and maintains close ties with his mother and father who live in Middleburg, Florida. Throughout his life, and although being raised in a strict Catholic household proved to be very difficult and damaging to a young man who learned he was homosexual in his teenage years and forced to suppress those feelings, he has and continues to maintain a close relationship with his faith and the Catholic Church. See the enclosed letter from Fr. Andy Blaszkowski, Pastor of the St. Luke Catholic Church in Middleburg, Florida. Pastor Blaszkowski writes that Mr. Carmona-Fonseca has been actively involved in the Church's Parish for over a decade and is a man of good character and trust. See also the enclosed letter from attorney Kenneth G. Mall, who has known Mr. Carmona-Fonseca and his family for over 30 years through the Sacred Heart Church in Jacksonville, Florida and attesting to Mr. Carmona-Fonseca's commitment to his familiar responsibilities and spiritual endeavors. See also the enclosed letter from Carlos and Cecilia Esquivia. The Esquivias have known Mr. Carmona-Fonseca since high school when their families met through the youth group at St. Catherine's Catholic Church in Orange Park, Florida. Mr. Carmona-Fonseca has spent significant time around their children for years. See also the enclosed letter from Joel Roshau with the American Board of Radiology who has known Mr. Carmona-Fonseca for over 25 years. These character

letters are attached as **Composite Exhibit B**. A character letter from his wife Michelle is attached as **Exhibit C**.

Since his incarceration at the Baker County Jail, Mr. Carmona-Fonseca has been attending regular one on one and group therapy counseling sessions with Baker County Jail Licensed Mental Health Counselor Mitchell and is aware he needs continued therapeutic help. Additionally, he continues to seek spiritual guidance on a consistent basis with his priest.

**B. Nature and Circumstances of the Offense**

Mr. Carmona-Fonseca has pled guilty to one count of Attempted Online Enticement of a Minor to Engage in Illegal Sexual Activity. He accepts complete responsibility for his criminal actions in this case and has exhibited remorse since the date of his arrest over this incident which has destroyed and devastated his family and tarnished the badge he wore proudly for almost 20 years.

It is essential to the Court's consideration of the nature and circumstances of the offense to first consider Mr. Carmona-Fonseca's upbringing. He was raised in a strict Catholic household. As a teenager Mr. Carmona-Fonseca realized he was bisexual and was attracted to men and women. This revelation was very difficult and damaging to navigate through his teenage years due to his religious upbringing characterizing these thoughts and feelings as sinful and immoral. Mr. Carmona-Fonseca hid this part of his identity for a chunk of his life – including throughout his entire military career – and raised a family of five with his wife Michelle. Mr. Carmona-Fonseca was ultimately in a relationship with an adult male for 6 years prior to his arrest while married.

The instant conduct is shameful and no doubt criminal in nature. Mr. Carmona-

Fonseca sent nude images to young men between the ages of 16 and 18 years of age he met through bodybuilding at a local gym. After first only requesting pictures of one 16 year old male with his shirt off to show off his physique, Mr. Carmona-Fonseca later requested nude pictures or videos from this individual (but after law enforcement had assumed identity of the individual's Snapchat account and took over all communications with the Defendant) and other similarly aged individuals to show off their naked bodies and physiques. One of these individuals sent Mr. Carmona-Fonseca a video of him flexing in the mirror while nude when he was 17 years old. Others ignored the requests.

While reprehensible, and subject to a harsh 10-year mandatory minimum sentence, it is imperative to distinguish Mr. Carmona-Fonseca's conduct from that of other defendants charged with sex offenses. Mr. Carmona-Fonseca never requested, from any individual, to engage in any hands-on sexual contact either in person or through the use of an electronic device. Other than requesting or sending nude pictures or videos centered around bodybuilding and working out to individuals between 16 and 18, Mr. Carmona-Fonseca never once attempted to engage in sexually explicit activity or related conversations with any individual. He never threatened any individual with harm or used his position as a police officer to obtain or attempt to obtain nude photos.

To provide assurance to the United States and the Court that Mr. Carmona-Fonseca is not at risk of committing a hands-on offense or at risk of reoffending beyond his conduct in this case, and to show Mr. Carmona-Fonseca's willingness to begin sexual offender counseling and treatment and accept responsibility for his criminal conduct, Mr. Carmona-Fonseca underwent a thorough psychosexual evaluation on June 2, 2022 by Dr. Larry Neidigh. A complete copy of the evaluation is attached as **Exhibit D** and was previously

provided to the United States in a mitigation package on October 26, 2022.

In his report, following the administration of various widely accepted testing and evaluation protocols for sexual offenses, Dr. Neidigh opined that Mr. Carmona-Fonseca, while acknowledging that he may have some interest in older postpubescent teens through a homoerotic fascination with bodybuilding that can be addressed with psychosexual counseling and treatment, exhibited no indication of pedophilia, found no indication that he is at risk of committing a hands-on sexual offense, and further found that he is in a low-risk category of reoffending. His report also reflects that Mr. Carmona-Fonseca displayed remorse concerning the charged conduct.

To further corroborate the findings of Dr. Neidigh's forensic evaluation, Mr. Carmona-Fonseca underwent a comprehensive two-part polygraph examination by George P. Matherson, II, BA, MS of GPM Polygraph Services on August 4, 2022 and September 22, 2022.[1] A complete copy of the polygraph is attached as **Exhibit E** and was also previously provided to the United States on October 26, 2022.

The polygraph results confirmed Dr. Neidigh's findings and opinions. Specifically, the polygraph results were "No Deception Indicated" when administered the following questions: (1) Have you ever had sexual contact with a minor? (Answer: No); (2) Did you ask the victims in your criminal case to have sex with you? (Answer: No); (3) Was the purpose of exchanging the picture with the victim(s) to engage them in sexual activities? (Answer: No).

---

[1] Mr. Matherson has over 41 years of law enforcement experience and received his polygrapher certification in 1983. He currently tests for the Green Cove Springs Police Department and other police agencies in North Florida and was previously employed as a polygrapher for the Broward County Sheriff's Office while

**(2)(A) – (D) <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; to Afford Adequate Deterrence to Criminal Conduct; to Protect the Public from Further Crimes of the Defendant; and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or other Correctional Treatment in the Most Effective Manner</u>**

The ten-year minimum mandatory sentence for this offense was established by Congress due to the seriousness of the conduct associated with this charge. Mr. Carmona-Fonseca will be severely punished by the requested minimum mandatory sentence alone, notwithstanding the lengthy term of supervised release and sexual offender registration that will no doubt be imposed. A 120-month sentence will provide adequate justice for the victims in this case and afford adequate deterrence to the criminal conduct at issue in this case.

Combined with the lengthy mandatory minimum term of incarceration, a sentence that includes continued psychosexual counseling and treatment, as Dr. Neidigh opined, will protect the public from any further crimes of the Defendant. Mr. Carmona-Fonseca has no prior criminal history other than minor traffic violations and will be subjected to a significant term of sex offender registration and supervision upon his release to complete sex offender treatment and mandatory registration.

Based on Mr. Carmona-Fonseca's educational background, work history and lack of any serious health issues, there is no further need for educational, vocational, or medical care other than that which is currently being provided.

**(6) <u>The Need to Avoid Unwarranted Sentencing Disparities</u>**

---

employed as a Deputy Sheriff. He is a member of both the American Polygraph Association and the Florida Polygraph Association.

Mr. Carmona-Fonseca submits the following cases for comparison purposes in the Court's consideration and fashioning of a sentence that avoids an unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct.

Although certainly not an exhaustive list, below are multiple federal and state court cases involving objectively more aggravating criminal conduct than Mr. Carmona-Fonseca's:

**U.S. v. Adam Harrison Bryant-1:08-cr-00170-RCL (District of Columbia)**

In 2008, Adam Bryant, then a licensed Florida attorney, was arrested for using a telephone or computer to knowingly attempt to persuade, induce, entice, and coerce a child who Bryant knew was 13 years old to engage in prostitution.

Specifically, Bryant engaged in electronic communications with an undercover FBI agent whom Bryant believed was the stepfather of the 13-year-old female and arranged to pay the stepfather money in exchange for delivering his 13-year-old stepdaughter to Bryant for sex, which Bryant intended to photograph and video record. Bryant was arrested at the agreed upon location where he believed the stepfather would deliver the 13-year-old to him and allow Bryant to fondle her at the meeting location before receiving payment and allowing Bryant to take her to an undisclosed location to record sexual acts on the minor. On October 17, 2008, following a guilty plea to one count of Traveling with Intent to Engage in Illicit Sexual Conduct (18 U.S.C. §2423(b) and one count of Enticing a Child (22 D.C.C. §3010(b)), Bryant was sentenced to 40 months incarceration followed by a 120-month term of supervised release and sexual offender registration.

**U.S. v. Thomas Lester Hazouri, Jr. - 3:20-cr-00119-TJC-MCR (Middle District of Florida)**

In 2020, Thomas Hazouri, Jr., then a 40-year-old second grade teacher at Mayport Elementary School here in Jacksonville, Florida, was arrested for uploading and distributing videos depicting children being sexually abused into a public chatroom with 46 other users in it. Law enforcement investigation revealed Hazouri, Jr. possessed various electronic devices with over 123 images and approximately 50 videos of child pornography material (7 of which depicted either an infant or a toddler-aged child).

On September 27, 2022, following a guilty plea to one count of Distribution of Child Pornography (18 U.S.C. §2252(a)(2) and (b){1)), Hazouri, Jr. was sentenced to 7 years and 3 months incarceration followed by a 15-year term of supervised release and sexual offender registration.

**U.S. v. Anthony Weiner-1:17-cr-00307-DLC (Southern District of New York)**

In 2017, Anthony Weiner, then a 50-year-old member of the U.S. House of Representatives from New York City, was arrested for transmitting multiple photographs of his penis and sexually explicit messages to a female who he knew was 15 years old by text message (in addition to other females under the age of 18 as identified through further investigation). On September 25, 2017, Mr. Weiner pled guilty to one count of Transfer of Obscene Material to a Minor in violation of 18 U.S.C. §1470 and was sentenced to 21 months incarceration followed by a term of supervised release for 3 years and required to register as a sexual offender.

**U.S. v. Richard Pope - 2:21-cr-000237 (Northern District of Alabama)**

In March of 2020, Richard Pope, then a 57-year-old art teacher and baseball coach

at Gus Carver High School in Birmingham, Alabama, engaged a minor in sexually explicit conversations on Facebook and transmitted multiple obscene images to the minor. In addition to 3 counts of Transfer of Obscene Material to a Minor, Pope was also indicted for using any facility of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce any individual who had not yet attained 18 years of age to engage in sexual activity, to wit: Engaging in a Sexual Act with a Student, Sexual Abuse, and Sodomy, all in violation of 18 U.S.C. §2422(b).

On September 27, 2022, after entering into a plea agreement with the Government and pleading guilty to 3 counts of Transfer of Obscene Material to a Minor in violation of 18 U.S.C. §1470 with the Government dismissing Count 1 (which carried a 10-year mandatory minimum up to life imprisonment sentence and is the same charge for which Mr. Carmona-Fonseca is currently awaiting sentence), Pope was sentenced to 54 months incarceration followed by a 3 year term of supervised release and sexual offender registration. This federal sentence was ordered to run concurrent with three separate and distinct Alabama state court felony criminal charges for having sexual intercourse with a minor student while a teacher for which Pope had not yet been sentenced.

The referenced cases involve individuals who held positions of trust in the community and most involved children far younger than the individuals in the instant case. Mr. Carmona-Fonseca's minimum mandatory sentence of ten years in prison would far exceed any of the sentences imposed in these cases for conduct that is arguably more aggravating.

**(7) <u>The Need to Provide Restitution to any Victims of the Offense</u>**

The victims in this case have not provided their position prior to this filing. All are at or over the age of majority at this time. At the time of the offenses, the victims ranged in age from sixteen to eighteen years of age. Mr. Carmona-Fonseca is agreeable to any restitution the victims feel they need to repair the damage done by his conduct.

**CONCLUSION**

After the Court considers the arguments and analysis detailed above and at sentencing, Mr. Carmona-Fonseca submits there is sufficient evidence in mitigation to allow the Court to fashion a sentence in departure, or variance, or both, from the advisory sentencing guidelines that is sufficient, but not greater than necessary, to comply the statutory directives set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

By: */s/ John Rockwell, Esq.*

**JOHN ROCKWELL**
Florida Bar No. 779911
203 Fort Wade Road, Suite 105
Ponte Vedra, Florida 32081
(904) 638-4235 (telephone)
john@woolseymorcom.com

**GONZALO ANDUX**
Finnell, McGuinness, Nezami & Andux
Florida Bar No. 525286
2114 Oak Street
Jacksonville, FL 32204
(904) 791-1101 (telephone)
gandux@fmnlawyers.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May 2023, a true copy of the foregoing was served by electronic notification to Ashley Washington, Esq., Office of the United States Attorney, and all other counsel of record.

*/s/ John Rockwell, Esq.*
Attorney